# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, IX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:18-03283-CV-RK |
| | ) | |
| PETER NEWMAN, et al., | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO STAY BRIEFING

Plaintiff John Doe, IX, filed this action in state court against Peter Newman and various insurance companies ("Insurance Company Defendants").[1] The Complaint alleges that Plaintiff obtained a state-court judgment against Newman for sexual abuse of a minor and that the Insurance Company Defendants refused to provide Newman a defense. (Doc. 1-2.) Before Plaintiff filed this case in state court, the Insurance Company Defendants filed a declaratory judgment action in this Court, disclaiming coverage. (*See* doc. 1 ¶ 1.) The separate action remains pending as case number 2:18-cv-4111-BCW. (*Id.*)

In this case, Plaintiff asserts claims of "equitable garnishment" against all defendants and asserts claims of bad faith refusal to defend against the Insurance Company Defendants. (Doc. 1-2.) The Insurance Company Defendants removed the case to this Court on the basis of diversity jurisdiction, arguing that Newman, a Missouri citizen, was fraudulently joined. (Doc. 1.) The Insurance Company Defendants have also moved to dismiss this case, arguing that Plaintiff's equitable garnishment action cannot proceed because he has an adequate alternative remedy at law. (Docs. 8, 9.) Plaintiff filed a motion to remand this case to state court contesting the fraudulent joinder argument as to Newman. (Docs. 12, 13.) Plaintiff then filed the present motion to stay, which seeks to stay briefing on the motion to dismiss until this Court rules on whether it has subject-matter jurisdiction. (Doc. 14). After careful consideration, the motion to stay (doc. 14) will be **DENIED**. Plaintiff will be granted an additional fourteen days to file a response to the motion to dismiss.

---

[1] The Complaint names the following defendants: Peter Newman; National Union Fire Insurance Company of Pittsburgh, PA; Lexington Insurance Company; and AIG Assurance Company d/b/a AIG Specialty Insurance Company f/k/a/ American International Specialty Lines Insurance Company.

**Discussion**

Plaintiff argues that the Court should grant its motion to stay briefing because the Court would not have jurisdiction to rule on the pending motion to dismiss if it lacks jurisdiction and because a stay of briefing would save resources if the case is remanded.

The Court has discretion to grant or deny a stay "'in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it.'" *Curry v. Pleasurecraft Marine Engine Co.*, No. 13-03139-CV-S-GAF, 2013 WL 12205046, at *1 (W.D. Mo. May 28, 2013) (quoting *Webb v. R. Rowland & Co., Inc.*, 800 F.2d 803, 808 (8th Cir. 1986)). "Whether the Court has subject-matter jurisdiction should be addressed before the Court decides the merits of Plaintiff's Petition." *Id.* However, good cause must be shown to obtain a stay pending a ruling on a motion to remand. *Id.* The filing of a motion to remand by itself is not enough for a stay. *Ereth v. GMRI, Inc.*, No. 17-0694-CV-W-FJG, 2017 WL 6316645, at *3 (W.D. Mo. Dec. 11, 2017) ("[S]uch stays are not the practice of this division . . . .") A stay is extraordinary relief, and the requesting party "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). *See also Blacktop, Inc. v. Edible Arrangements Int'l, Inc.*, No. 4:14-CV-00005-DGK, 2014 U.S. Dist. LEXIS 59845, at *2-3 (W.D. Mo. Apr. 30, 2014) (reciting the factors considered for a stay of discovery pending the Court's ruling on a motion to dismiss, including the "likelihood of success on the underlying motion").

The Court finds that Plaintiff has not carried his burden of showing that a stay of briefing is necessary in these circumstances. After reviewing the notice of removal, the complaint, and the pending motions to dismiss and to remand, the Court cannot conclude that Plaintiff's motion to remand is so obviously likely to prevail that a stay is necessary. Furthermore, it does not appear Plaintiff will suffer substantial hardship from briefing the motion to dismiss in this Court. The issue addressed in Plaintiff's motion to remand overlaps significantly with the issue raised in the motion to dismiss: whether the equitable garnishment claims are viable or fail due to other available remedies at law. Even if the Court were to grant the motion to remand, Defendants could still continue to press their dismissal theory in state court. Finally, as to judicial economy, staying briefing on the motion to dismiss could push other deadlines in the case forward unnecessarily. Therefore, the relevant factors and particular circumstances of this case do not weigh in favor of a stay.

The Court observes, however, that Plaintiff's deadline to respond to the motion to dismiss is September 25, 2018. The Court further observes that Plaintiff timely moved to stay briefing prior to his deadline to respond to the motion to dismiss and finds good cause to allow a fourteen-day enlargement of time to file a response.

## Conclusion

After careful consideration, the Court **ORDERS** as follows:

1) Plaintiff's motion to stay (doc. 14) is **DENIED.**
2) Plaintiff shall respond to the pending motion to dismiss on or before October 9, 2018.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 24, 2018